THE UNION GAS & ELECTRIC CO. *v.* WEISHAUPT.

*Negligence—Question for jury—Negligence in maintaining high voltage wires in proximity to trees.*

Electric company's maintenance of high voltage wires in such proximity to trees that during storm limbs pressed wires together, causing them to burn down, *held* sufficient evidence of negligence to go to jury in action for personal injuries.

(Decided January 25, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. J. W. Heintzman,* for plaintiff in error.
*Mr. Wm. P. Hohmann* and *Mr. Thomas L. Michie,* for defendant in error.

BUCHWALTER, P. J.  The action was for damages for personal injuries claimed to have been sustained by the plaintiff as a result of the alleged negligence of the defendant company.

A wire which was erected and maintained by the

---

Electricity, 20 C. J. § 67.

defendant company over the sidewalk on Elmore street, in the city of Cincinnati, broke and fell, and plaintiff, as he was walking along the sidewalk on his way home, came in contact with the broken wire and suffered the injuries complained of. The wire was carrying about 2,400 volts of electricity at the time it fell.

Plaintiff claimed that the negligence consisted in the improper maintenance of the wire, and also that the wire was not properly insulated.

The defendant denied the allegations of the plaintiff's petition, and averred that the wires as erected were approved by the proper authorities of the city of Cincinnati, and were in conformity with the provisions of the ordinances of the city, and that the wire with which the plaintiff came in contact was properly erected and maintained, but that, due to a high wind storm and heavy rainfall, the wire was dislodged and fell; and, further, that the plaintiff, with full knowledge of the condition of the wire and the danger attendant thereto, negligently took hold of the wire and was injured.

The plaintiff denied that the injury was the result of his own negligence, and denied that it occurred through no act over which the defendant had control. It appears from the evidence that the same wire in controversy, which was maintained in close proximity to certain trees, was short circuited and burned down about three weeks prior to the date of plaintiff's injury; that it was properly repaired at that time; that the branches of the trees, which were wet as a result of a rainfall during the day of the injury, forced one wire against another, causing an arc, which short circuited the

current, melting the wires, and causing same to again fall upon the sidewalk.

The testimony further shows that when limbs of trees come in contact with wires during a storm, and press one wire against another, or make a connection with another wire, the result is that both wires usually burn down. The current carried on the wire in question was of very high voltage. It would seem that this evidence of the maintenance of a wire, carrying that amount of current, and strung through trees, or near enough to trees so that a storm might cause the limbs to come in contact with the wire, and where a similar situation had arisen three weeks before, was evidence from which the jury might find that such maintenance was negligence.

Plaintiff in error complains about three special charges, which were given upon request of the plaintiff below. We have examined these charges, and find that they correctly state the proposition of law involved, and are applicable to the matters in issue. There were other assignments of error in the petition in error, which were not argued or presented by brief.

We are of the opinion that there was no error, prejudicial to the plaintiff in error herein, and the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.